**CROUNSE CORPORATION, et al., Petitioners,**

v.

**The INTERSTATE COMMERCE COMMISSION and the United States of America, Respondents.**

Nos. 84–3743 to 84–3753, 84–3842 and 84–3868.

United States Court of Appeals, Sixth Circuit.

March 28, 1986.

Dissenting Opinions April 11, 1986.

Before LIVELY, Chief Judge, and ENGEL, KEITH, MERRITT, KENNEDY, MARTIN, JONES, CONTIE, KRUPANSKY, WELLFORD, MILBURN, GUY, NELSON and RYAN, Circuit Judges.*

ORDER

The Court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this Court, and less than a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original hearing panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.

MERRITT, Circuit Judge, dissents from denial of petition for rehearing en banc, in which KEITH, MARTIN and JONES, Circuit Judges, joined.

JONES, Circuit Judge, delivered a separate dissent.

MERRITT, Circuit Judge, dissenting.

I believe that we should have granted rehearing en banc in this important anti-

---

* Chief Judge Lively and Circuit Judge Wellford recused themselves from participation in this case.

trust case. Congress has enacted a law flatly prohibiting a merger between a railroad and a barge line if that merger results in *any* reduction in competition. Never before has a railroad been permitted to merge with a competing barge line, regardless of the political cast or regulatory philosophy of the Commission or the antitrust philosophy of the courts. Yet in this case the Interstate Commerce Commission has refused to look at what effect the merger of the largest railroad east of the Mississippi with the largest barge line in the nation will have on rail-barge competition, and at whether the lessening of rail-barge competition will lead to a lessening of competition among barge lines. As Judge Timbers correctly observes in his dissent, such refusal is an "abdication of responsibility on the part of the ICC" that "makes a mockery of its regulatory functions." At 1199. We do not perform our judicial function when we uphold it.

In terms of its economic impact, this case is significant. Our decision will affect the price of coal, grain, and other commodities for many years in the Ohio and Tennessee Valleys and beyond. The railroad in question controls 50% of the barge terminals on the river system in question, and all of the terminals on large stretches thereof. If, after buying the barge line in question, the railroad restricts the use of its terminals to that barge company, it will eliminate competition among barge lines that haul coal and other commodities to and from those terminals. Given the number of terminals involved, it is inconceivable that the merger in question will not result in a reduction of competition on the water routes in question.

Yet that—no reduction in competition—is what Congress required the Commission to find before permitting the merger of a railroad with a barge line. 49 U.S.C. § 11321(b). It is nonsense to suggest, as the Commission does, that any anticompetitive effects of the merger will be remedied by competitive pressures and private antitrust actions. The size of the parties being merged, their market shares, and the near-stranglehold that the resulting entity will have on many routes, makes it unlikely that competitive pressures will prevent the misuse of its market power, which is precisely why Congress forbade such mergers in the first place. And the statute in question, the Panama Canal Act, immunizes ICC-sanctioned mergers from the antitrust laws, thus eliminating any chance of the private antitrust actions in which the Commission rests its faith. *See* 49 U.S.C. § 11341(a) (1982).

Congress presumably knew what it was doing when it found, after considerable investigation and debate, that mergers such as the one in question posed serious dangers to the freedom of transportation markets. The provision in question was reenacted, after considerable debate, some years later in 1940. Perhaps, as the majority opinion seems to suggest (at 1183, 1185), predatory pricing is not the serious threat that it was in 1912 (or even in 1940), so that the policy behind the statute is obsolete. However, it is not generally the province of courts to make such determinations. Even if the Commission and the courts think it foolish and outdated to bar mergers between railroads and barge lines except where competition is not affected, Congress has declared otherwise and we are bound to respect that declaration. For these reasons, and for those expressed in Judge Timbers' dissent, I believe that the panel's majority erred in affirming the Commission's decision to approve the merger and that we should reconsider the case en banc.

NATHANIEL R. JONES, Circuit Judge.

I join in Judge Merritt's dissent to the denial of the petition for rehearing en banc out of concern for the importance of the issue which is so well stated therein. It is my view that the issue invites and requires the attention of the full court. I regret that an en banc exploration will not occur.